**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **DARRELL ROBERT JOHNSON,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 08-CV-691-JHP-PJC** |
| | ) | |
| **JIM KEITH, Warden,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## OPINION AND ORDER

Before the Court is the amended petition for writ of habeas corpus (Dkt. # 17)[1] filed by

Petitioner Darrell Robert Johnson, a state inmate appearing pro se. Respondent filed a response

(Dkt. # 19) and provided the state court records (Dkt. ## 19, 20, and 21) necessary for adjudication

of Petitioner's claims. Petitioner did not file a reply to Respondent's response. For the reasons

discussed below, the Court finds the amended petition for writ of habeas corpus shall be denied.

### *BACKGROUND*

**A. Factual Background**

Pursuant to 28 U.S.C. § 2254(e)(1), the historical facts found by the state court are presumed

correct. Following review of the record, including the trial transcripts, the Court finds that the

following factual summary by the OCCA is adequate and accurate. Therefore, the Court adopts this

portion of the OCCA's summary as its own:

> Testimony introduced at trial indicated that during September of 2002, Tulsa
> Police Officers William Wolthuis and Israel Rodrigue[z] were assigned to a multi-
> jurisdictional organized crime task force conducting narcotic investigations. Part of

---

[1]Because the amended petition replaces and supersedes the original petition, the original
petition shall be declared moot.

their duties included motel/hotel interdictions. On the afternoon of September 30, 2002, they went to the Days Inn at 8181 East Skelly in Tulsa County. They observed some short-term traffic in and out of room number 254. When they asked the motel manager, they learned that the room was registered to a woman with a California driver's license, Regina Moody. Appellant's name was on the bottom of the registration card.

The officers went to the room and knocked on the door. They identified themselves and asked if they could come in. Appellant let them in and once inside, the officers noted that there was another individual identified as Lillie LaGrone in the room. The officers advised Appellant and LaGrone that they were investigating possible drug activity and they asked if there was anything illegal in the room. Appellant replied that there was not. When the officers asked if they could look in the room, Appellant replied, "Sure, go ahead." Underneath the bed Wolthuis observed several large baggies containing what looked like rolled-up toilet paper. He unrolled one of the pieces of toilet paper and found what he believed to be a rock of crack cocaine. He asked Appellant what it was and Appellant responded that it was "crack." Appellant also volunteered that there was a half a key of powder on the other side of the bed. When Wolthuis looked on the other side of the bad [sic], he found two large baggies of white powder, three bottles of liquid PCP and a set of scales.

After he found the drugs, Wolthuis told Appellant that he was under arrest and he read him his Miranda rights. Appellant did not request a lawyer and agreed to talk to the officers. He told them that he had purchased the drugs for $20,000 in Oklahoma City. He sold the drugs out of the hotel room but kept the drug proceeds in his apartment in order to avoid detection by law enforcement. Appellant gave the officers written consent to search his apartment where they found over $10,000 in cash.

(Dkt. # 19, Ex. 4 at 2-3). In addition, evidence presented at trial demonstrated that the weights and volumes of the controlled drugs recovered in the motel room were as follows: the total weight of the cocaine powder introduced as State's Exhibits 2 and 3 was 487.06 grams, the total weight of the cocaine base introduced as State's Exhibit 4 was 334.53 grams, and the total volume of the PCP introduced as State's Exhibit 17 was about 2.5 fluid ounces. (Dkt. # 21-2, Tr. Trans. at 321-27).

**B. Procedural Background**

Based on those events, and pursuant to a Fifth Amended Information, filed February 13, 2006, in Tulsa County District Court, Case No. CF-2002-5046, Petitioner was charged with

Trafficking in Illegal Drugs (Count 1) and Possession of Paraphernalia (Count 2). A second page listed three (3) prior felony convictions. Three (3) additional counts were previously dismissed by the trial court. Petitioner was tried by a jury. At the conclusion of a two-stage trial, he was found guilty as charged. On February 15, 2006, Petitioner was sentenced in accordance with the jury's recommendation to life without parole on Count 1 and one (1) year in the county jail and a fine of $1,000 on Count 2. In addition, the trial court judge entered a fine of $20,000 as to Count 1. The sentence for Count 2 was ordered to be served concurrently with Count 1. At trial, Petitioner was represented by attorney David Phillips.

Petitioner appealed his convictions and sentences to the Oklahoma Court of Criminal Appeals (OCCA). On direct appeal, Petitioner was represented by attorney Stuart Southerland. Petitioner raised the following propositions of error:

Proposition 1: It was reversible error for the trial court to deny Appellant's "Batson" challenge to prospective juror Hassan.

Proposition 2: The evidence was discovered as a result of an illegal search and seizure in violation of Article II, § 30 of the Oklahoma Constitution as well as the Fourth and Fourteenth Amendments of the United States Constitution. It was error for the district court to overrule Appellant's motion to suppress.
    a)    Darrell Johnson had standing to contest the validity of the search of the motel room.
    b)    The Oklahoma Constitution requires a knowing, written waiver of the search warrant requirement to establish consent in a "knock and talk" search.
    c)    Under the facts of this case, the State failed to establish that Appellant consented to a search of the motel room.
    d)    Even if this Court deems the entry into the room consensual, Appellant's statements were the product of an unlawful arrest and should have been suppressed.

Proposition 3: It was error to refuse to instruct the jury on any lesser included or related offenses.

Proposition 4: It was reversible error to admit evidence of other crimes.

Proposition 5: Trafficking in controlled drugs as prohibited by 63 O.S.Supp.2002, § 2-415, is unconstitutional, because it purports to create a non-rebuttable presumption of an intent to distribute drugs, on a large scale, based solely upon the quantity possessed.

Proposition 6: Imprisonment for life, without opportunity of parole, for the possession of a controlled substance violates the excessive punishment provisions of both the Oklahoma and the United States Constitutions under the facts of this case.

Proposition 7: By failing to provide an opportunity to present mitigating evidence to the jury at sentencing, Appellant was denied the right to a fair sentencing proceeding guaranteed by the Fourteenth Amendment to the United States Constitution.

Proposition 8: The jury should have been provided with a definition of reasonable doubt.

(Dkt. # 19, Ex. 1). On July 20, 2007, in Case No. F-2006-212, the OCCA entered its unpublished opinion affirming Petitioner's Judgment and Sentence. See Dkt. # 19, Ex. 4.

On July 17, 2008, Petitioner filed an application for post-conviction relief in the state district court. See Dkt. # 19 ¶ 3. The trial court denied post-conviction relief on September 5, 2008. Id. Petitioner appealed. See Dkt. # 19, Ex. 5. In his supporting brief filed in his post-conviction appeal, Petitioner identified the following seven (7) grounds for relief:

1. Mr. Johnson is factually innocent of Trafficking in Controlled Dangerous Substances.

2. Fundamental error occurred when the trial court permitted a violation of the Confrontation Clause.

3. Fundamental error occurred when Mr. Johnson was charged and convicted with a defective state information.

4. The trial court failed to resolve a conflict of interest.

5. Trial counsel was ineffective and the district court should have granted Mr. Johnson an evidentiary hearing to prove that fact.

6. Appellate counsel was ineffective and the district court should have granted Mr. Johnson an evidentiary hearing to prove that fact.

4

7. Each of these issues must be addressed on its legal merits.

See Dkt. # 19, Ex. 6. By order filed October 15, 2008, in Case No. PC-2008-915, the OCCA

affirmed the denial of post-conviction relief. Id., Ex. 7.

Petitioner commenced the instant habeas corpus action by filing his petition on October 23,

2008. See Dkt. # 1. In his amended petition (Dkt. # 17), he identifies the following grounds of

error:

Ground 1: Mr. Johnson is factually innocent of crime charged of Trafficking in Illegal Drugs.

Ground 2: Mr. Johnson's fundamental rights to due process and equal protection were violated when he was not allowed to confront his accuser.

Ground 3: Mr. Johnson's fundamental rights to due process and equal protection of the law were violated when he was convicted by a defective State's Information Sheet.

Ground 4: Mr. Johnson's fundamental rights to due process and equal protection of the law were violated when the trial court failed to conduct a hearing on a claimed conflict of interest.

Ground 5: Mr. Johnson's fundamental rights to due process and equal protection of the law were violated when the trial court refused Petitioner's "Batson" challenge to prospective juror Hassan.

Ground 6: Fundamental error occurred when the trial court refused to instruct the jury on any lesser included or related offenses.

Ground 7: Fundamental error occurred when the trial court allowed the State to admit evidence of other crimes.

Ground 8: Mr. Johnson's fundamental rights to due process and equal protection of the law were violated when the trial court allowed Mr. Johnson to be convicted under an unconstitutional drug trafficking statute, 63 O.S.Supp.2002, § 2-415.

Ground 9: Mr. Johnson's fundamental rights to due process and equal protection of the law were violated when the trial court violated the excessive punishment

clause of both the Oklahoma and United States Constitutions when Petitioner was sentenced to life without the possibility of parole.

Ground 10:   Mr. Johnson's fundamental rights to due process and equal protection of the law were violated when the trial court failed to provide Petitioner an opportunity to present mitigating evidence to the jury at sentencing.

Ground 11:   Mr. Johnson's fundamental rights to due process and equal protection of the law were violated when the[re] was not provided a definition of reasonable doubt by the trial court.

Ground 12:   Mr. Johnson's rights to due process and equal protection of the law were violated by the ineffectiveness of his trial counsel.

Ground 13:   Mr. Johnson's rights to due process and equal protection of the law were violated by the ineffectiveness of his appellate counsel.

Ground 14:   Mr. Johnson's rights to due process and equal protection of the law were violated by Oklahoma's arbitrary and capricious appellate and post-conviction procedures.

(Dkt. # 17). In response, see Dkt. # 19, Respondent argues that Petitioner is not entitled to habeas corpus relief.

## ANALYSIS

### A. Exhaustion

As an initial matter, the Court must determine whether Petitioner meets the exhaustion requirements of 28 U.S.C. § 2254(b). See Rose v. Lundy, 455 U.S. 509, 510 (1982). Except for many of his equal protection challenges and his claim raised in ground 14, Petitioner has exhausted his state remedies by presenting his claims to the OCCA on direct and post-conviction appeal. The unexhausted claim raised in ground 14 is denied as procedurally barred, as discussed in Part D, below. Habeas relief on the unexhausted equal protection claims is denied in Part E, below. Therefore, the Court finds that consideration of Petitioner's claims is not precluded by the exhaustion requirement of 28 U.S.C. § 2254(b).

**B. Evidentiary hearing**

The Court finds that an evidentiary hearing is not warranted as Petitioner has not met his burden of proving entitlement to an evidentiary hearing. See Williams v. Taylor, 529 U.S. 420 (2000); Miller v. Champion, 161 F.3d 1249 (10th Cir. 1998).

**C. Claims adjudicated by the OCCA**

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides the standard to be applied by federal courts reviewing constitutional claims brought by prisoners challenging state convictions. Under the AEDPA, when a state court has adjudicated a claim, a petitioner may obtain federal habeas relief only if the state decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 402 (2000); Neill v. Gibson, 278 F.3d 1044, 1050-51 (10th Cir. 2001). When a state court applies the correct federal law to deny relief, a federal habeas court may consider only whether the state court applied the federal law in an objectively reasonable manner. See Bell v. Cone, 535 U.S. 685, 699 (2002); Hooper v. Mullin, 314 F.3d 1162, 1169 (10th Cir. 2002).

In this case, the OCCA adjudicated grounds 5, 6, 7, 8, 9, 10, and 11 on direct appeal. In addition, the OCCA adjudicated Petitioner's claims of ineffective assistance of appellate counsel, ground 13, on post-conviction appeal. Therefore, those claims will be reviewed pursuant to § 2254(d).

**1. Ruling on Batson challenge (ground 5)**

As his fifth proposition of error, Petitioner claims that his constitutional rights to due process and equal protection were violated when the trial court refused his Batson[2] challenge to prospective juror Hassan. The record reflects that Petitioner is African-American. See Dkt. # 21-1, Tr. Trans. at 91. In objecting to the State's peremptory challenge, defense counsel stated that prospective juror Hassan appeared to be Indian. Id. at 115. In rejecting this claim on direct appeal, the OCCA discussed the standard set forth in Batson, and found as follows:

> [T]he record reflects that after having previously used a peremptory challenge to excuse an African-American venireman, the prosecutor used another peremptory challenge to excuse a venireman of either Indian or Middle Eastern descent. Defense counsel objected to the challenge based upon *Batson* and the trial court asked the prosecutor to offer an explanation. The prosecutor responded, "He is a young person. I was concerned about whether he was interested in the process or not. He also expressed some strong reservations about the death penalty, which don't come into play in this case, but there was no race issue on my part."
>
> The trial court apparently accepted the prosecutor's reasons for striking the prospective juror. As to the prosecutor's concern that the potential juror was not interested in the process, the trial judge seemed to agree, noting that he was, "kind of a weak stick." While the potential juror's ability to impose the death penalty was not relevant to this case, the prosecutor could, as the State asserts, have felt that such reservations could also have an impact on his ability to impose the sentence of life without the possibility of parole. This Court does not find that the trial court's decision on the issue of the prosecutor's discriminatory intent was clearly erroneous. This proposition does not require relief.

(Dkt. # 19, Ex. 4 at 4-5 (footnotes omitted)).

In order to establish an equal protection violation under Batson, Petitioner must be able to prove that the prosecutor intentionally discriminated on the basis of race when exercising his peremptory challenges. See Sallahdin v. Gibson, 275 F.3d 1211, 1225-26 (10th Cir. 2002). The disposition of a Batson claim raised in a habeas corpus petition is a question of fact subjected to the standard enunciated in 28 U.S.C. § 2254(d)(2). Id. at 1225 (citing Weaver v. Bowersox, 241 F.3d

---

[2] Batson v. Kentucky, 476 U.S. 79 (1986).

1024, 1029-30, 1031 (8th Cir. 2001)). This Court presumes the state courts' factual findings are correct unless they are rebutted by clear and convincing evidence. Id.; 28 U.S.C. § 2254(e)(1). Petitioner has not met that burden in this case. The trial record reflects that after defense counsel objected to the prosecutor's peremptory challenge as to Mr. Hassan, the prosecutor explained that Mr. Hassan was removed because he was a "young person" and the prosecutor was "concerned about whether he was interested in the process or not." See Dkt. # 21-1, Tr. Trans. at 115. He also appeared confused about the possible punishment faced by Petitioner. Id. at 61. Petitioner has failed to show that these reasons were pretextual. Nor do the prosecutor's proffered reasons for striking Mr. Hassan appear illogical or unpersuasive. Therefore, the Court finds Petitioner has not presented clear and convincing evidence demonstrating that the prosecution purposefully discriminated on the basis of race when exercising its peremptory strikes. As a result, Petitioner is not entitled to habeas corpus relief under 28 U.S.C. § 2254(d)(2). Sallahdin, 275 F.3d at 1225.

## 2. Refusal to issue certain instructions (grounds 6 and 11)

As his sixth ground of error, Petitioner complains that fundamental error occurred when the trial court refused his request for a lesser included instruction on simple possession. See Dkt. # 17. On direct appeal, he also argued that the trial court erred in failing to *sua sponte* instruct on the lesser offense of possession with intent to distribute. The OCCA rejected this claim, as follows:

> We review a trial court's decision on the submission of lesser included offense instructions for an abuse of discretion. *Jackson v. State*, 2006 OK CR 45, ¶ 24, 146 P.3d 1149, 1159. Further, if a defendant convicted of the charged offense complains that the trial court should have given, *sua sponte*, some lesser offense instruction, this Court will consider whether the trial court's omission amounts to plain error. *McHam v. State*, 2005 OK CR 28, ¶ 21, 126 P.3d 662, 670.
> It is true that the trial court must instruct on any lesser-included offense warranted by the evidence. *Jones v. State*, 2006 OK CR 17, ¶ 6, 134 P.3d 150, 154, citing *Shrum v. State*, 1999 OK CR 41, 991 P.2d 1032 (lesser included instructions should be given if supported by any evidence). An underlying requirement of *Shrum*,

9

however, is that a lesser offense instruction should not be given unless the evidence would support a conviction for the lesser offense. *Id. See also Harris v. State*, 2004 OK CR 1, ¶ 50, 84 P.3d 731, 750 (To determine whether lesser-included offense instructions are warranted, this Court looks at whether the evidence might allow a jury to acquit the defendant of the greater offense and convict him of the lesser). In *Leech v. State*, 2003 OK CR 4, ¶ 4, 66 P.3d 987, 989, this Court found that where the uncontradicted evidence was that Appellant possessed a trafficking quantity of methamphetamine, instruction on lesser offenses were not warranted.

Trafficking requires that a person knowingly distribute, manufacture, bring into this state or possess a specified controlled substance in a specified quantity. 63 O.S.Supp.2002, § 2-415(B). Cocaine, cocaine base and PCP are all specified controlled substances for purposes of trafficking. See 63 O.S.Supp.2002, § 2-415(A). In the present case, the evidence presented at trial was that the quantity of cocaine found in the motel room was 334.53 grams, the total quantity of cocaine base found was 487.06 grams and the quantity of PCP was about 2.5 ounces. This is significantly more than is statutorily required for trafficking in each of these drugs. If the amount of the drugs found would have been reasonably disputable, instructions on lesser offenses may have been warranted. However, this evidence was not reasonably disputable and accordingly, we find that the trial court's failure to instruct the jury on the lesser offenses of simple possession and possession with intent to distribute was not an abuse of discretion as the jury could not, on the evidence before it, acquit the Appellant of the greater offense and convict him of either of the lesser offenses.

(Dkt. # 19, Ex. 4 at 9-10 (footnote omitted)).

In ground 11, Petitioner claims that his constitutional rights were violated by the trial court's refusal to instruct the jury on the definition of "reasonable doubt." (Dkt. # 17 at 24). In considering this claim on direct appeal, the OCCA cited Holland v. United States, 348 U.S. 121, 140 (1954) (noting that "[a]ttempts to explain the term 'reasonable doubt' do not usually result in making it any clearer to the minds of the jury"), and, in the absence of "persuasive argument to the contrary," declined to depart from its "long held position condemning the giving of such instructions." (Dkt. # 19, Ex. 4 at 14-15).

"As a general rule, errors in jury instructions in a state criminal trial are not reviewable in federal habeas corpus proceedings, 'unless they are so fundamentally unfair as to deprive petitioner

of a fair trial and to due process of law.'" <u>Nguyen v. Reynolds</u>, 131 F.3d 1340, 1357 (10th Cir. 1997) (quoting <u>Long v. Smith</u>, 663 F.2d 18, 23 (6th Cir. 1981)); <u>see</u> <u>also</u> <u>Maes v. Thomas</u>, 46 F.3d 979, 984 (10th Cir. 1995) ("A state trial conviction may only be set aside in a habeas proceeding on the basis of erroneous jury instructions when the errors had the effect of rendering the trial so fundamentally unfair as to cause a denial of a fair trial."). Thus, the burden on a petitioner attacking a state court judgment based on a refusal to give a requested jury instruction is especially great because "'[a]n omission, or an incomplete instruction, is less likely to be prejudicial than a misstatement of the law.'" <u>Maes</u>, 46 F.3d at 984 (quoting <u>Henderson v. Kibbe</u>, 431 U.S. 145, 155 (1977)).

Petitioner has failed to demonstrate that the OCCA's adjudication of these claims was contrary to, or an unreasonable application of, clearly established federal law, or resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented at trial. 28 U.S.C. § 2254(d)(1),(2). As to the trial judge's failure to instruct on lesser included or related offenses, uncontroverted and unchallenged testimony presented at trial demonstrated that the quantities of drugs found in the motel room supported the trafficking charge. <u>See</u> Dkt. # 21-2, Tr. Trans. at 321-27. As a result, instructions on the lesser included offenses were not warranted. Furthermore, Tenth Circuit precedent establishes a rule of "automatic non-reviewability" for claims based on a state court's failure, in a non-capital case, to give a lesser included offense instruction. <u>Dockins</u>, 374 F.3d at 938 (stating that neither the Tenth Circuit nor the United States Supreme Court has ever recognized a federal constitutional right to a lesser included offense instruction in non-capital cases). Petitioner's trial was not rendered fundamentally unfair as a result of the trial judge's

failure to issue lesser included offense instructions, either *sua sponte* or as requested by Petitioner. Petitioner is not entitled to habeas corpus relief under § 2254(d) on this ground of error.

Petitioner fares no better on his claim based on the trial judge's failure to define "reasonable doubt." In <u>Wansing v. Hargett</u>, 341 F.3d 1207 (10th Cir. 2003), the Tenth Circuit discussed the constitutional implications of the reasonable doubt standard, as follows:

> As the Supreme Court has repeatedly emphasized, "[t]he reasonable-doubt standard plays a vital role in the American scheme of criminal procedure." <u>In re Winship</u>, 397 U.S. 358, 363, 90 S. Ct. 1068, 25 L. Ed. 2d 368 (1970). Trial courts have considerable latitude in determining how to convey the concept of reasonable doubt to the jury; the constitutional requirement is only that "'taken as a whole, the instructions [must] correctly conve[y] the concept of reasonable doubt to the jury.'" <u>Victor v. Nebraska</u>, 511 U.S. 1, 5, 114 S. Ct. 1239, 127 L. Ed. 2d 583 (1994) (quoting <u>Holland v. United States</u>, 348 U.S. 121, 140, 75 S. Ct. 127, 99 L. Ed. 150 (1954)) (modifications in original). The question we must answer is whether "there is a reasonable likelihood that the jury understood the instructions to allow conviction based on proof insufficient to meet the [constitutional requirement]." <u>Id.</u> at 6, 114 S. Ct. 1239.

<u>Wansing</u>, 341 F.3d at 1212-13.

Under Oklahoma law, it is error for a trial court to attempt to define reasonable doubt. <u>Smallwood v. State</u>, 907 P.2d 217, 231 (Okla. Crim. App. 1995); <u>Summers v. State</u>, 704 P.2d 91, 92 (Okla. Crim. App. 1985). This is because Oklahoma has determined that such definitions are more likely to confuse than to clarify the standard. <u>See</u> <u>Romano v. State</u>, 909 P.2d 92, 124-25 (Okla. Crim. App. 1995); <u>Smallwood</u>, 907 P.2d at 231. In <u>Williams v. State</u>, 572 P.2d 257, 259 (Okla. Crim. App. 1977), the court explained that "'reasonable doubt' is self-explanatory, and . . . therefore definitions thereof do not clarify the meaning of the phrase, but rather tend to confuse the jury." As noted in <u>Wansing</u>, "[t]he underlying purpose of [Oklahoma's] rule-ensuring that the jury is not misled-thus bears some resemblance to the federal constitutional inquiry." <u>Wansing</u>, 341 F.3d at 1212.

Petitioner has failed to demonstrate that the OCCA's adjudication of this claim was contrary to, or an unreasonable application of, clearly established federal law, or resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented at trial. 28 U.S.C. § 2254(d)(1),(2). Nothing provided by Petitioner suggests that there is a reasonable likelihood that his jury was misled or understood their instructions to allow conviction based on proof insufficient to meet the constitutional requirement of "reasonable doubt." Therefore, Petitioner's trial was not rendered fundamentally unfair as a result of the trial court's failure to instruct the jury as requested by Petitioner. Petitioner is not entitled to habeas corpus relief under § 2254(d) on ground eleven.

### 3. Admission of other crimes evidence (ground 7)

Next, Petitioner complains that his trial was rendered fundamentally unfair by the admission of other crimes evidence. Specifically, he complains that the State was allowed to introduce evidence that Petitioner had over $10,000 in cash at his apartment, as well as scales and plastic baggies. On direct appeal, the OCCA discussed the admissibility of the evidence as part of the *res gestae* of the crime charged, and denied relief on this claim, finding that:

> It is important to note that in addition to Trafficking, Appellant was also charged in Count II with Possession of Paraphernalia. Thus, the evidence that scales and plastic baggies were found in the motel room is clearly not other crimes evidence. We find that the evidence that Appellant possessed a large sum of cash and had the likely intent to distribute the drugs he trafficked was so closely connected to the charged offense as to form part of the entire transaction. It was necessary to give the jury a complete understanding of the crime charged. This evidence was admissible as part of the *res gestae*. *See Warner v. State*, 2006 OK CR 40, ¶ 68, 144 P.3d 838, 868. This relevant evidence, while prejudicial, was admissible as it was not so prejudicial that its probative value was substantially outweighed by the danger of unfair prejudice. 12 O.S.2001, § 2403. Further, because this evidence was part of the *res gestae*, there was no requirement that the trial court give the jury a limiting instruction. *See Jackson v. State*, 2006 OK CR 45, ¶ 28, 146 P.3d 1149, 1160.

(Dkt. # 19, Ex. 4 at 11-12).

"In a habeas proceeding claiming a denial of due process, 'we will not question the evidentiary . . . rulings of the state court unless [the petitioner] can show that, because of the court's actions, his trial, as a whole, was rendered fundamentally unfair.'" Maes v. Thomas, 46 F.3d 979, 987 (10th Cir. 1995) (quoting Tapia v. Tansy, 926 F.2d 1554, 1557 (10th Cir. 1991)). "[W]e approach the fundamental fairness analysis with 'considerable self-restraint.'" Jackson v. Shanks, 143 F.3d 1313, 1322 (10th Cir. 1998) (quoting United States v. Rivera, 900 F.2d 1462, 1477 (10th Cir. 1990) (en banc)). A proceeding is fundamentally unfair under the Due Process Clause only if it is "shocking to the universal sense of justice." United States v. Tome, 3 F.3d 342, 353 (10th Cir. 1993) (quoting United States v. Russell, 411 U.S. 423, 432 (1973) (internal quotation omitted)), rev'd, 513 U.S. 150 (1995). A habeas court evaluates admission of "other crimes evidence" under general due process principles to determine whether evidence was "introduced that is so unduly prejudicial that it renders the trial fundamentally unfair . . . ." Payne v. Tennessee, 501 U.S. 808, 825 (1991) (citing Darden v. Wainwright, 477 U.S. 168, 179-83 (1986)); see also Estelle v. McGuire, 502 U.S. 62, 69-70 (1991); Knighton v. Mullin, 293 F.3d 1165, 1170 (10th Cir. 2002). The Tenth Circuit has held that this standard will be satisfied only if "the probative value of [the challenged] evidence is . . . greatly outweighed by the prejudice flowing from its admission . . . ." Knighton, 293 F.3d at 1171 (internal quotation marks omitted).

After reviewing the trial transcripts, the Court finds that the OCCA's rejection of Petitioner's claim on direct appeal is neither contrary to, nor an unreasonable application of, these general principles. The state courts' determination that the admitted evidence was part of the res gestae of the charged crime was not erroneous. Furthermore, even if the challenged testimony could be characterized as "other crimes evidence" as opposed to res gestae, the admission of the evidence did

not render Petitioner's trial fundamentally unfair. Petitioner is not entitled to habeas corpus relief on this claim.  28 U.S.C. § 2254(d).

### 4.  Constitutionality of Oklahoma's drug trafficking statute (ground 8)

As his eighth ground of error, Petitioner claims that Oklahoma's drug trafficking statute is unconstitutional because it "purports to create a non-rebuttable presumption that the possession of five grams or more of cocaine base turns a person into a large-scale drug dealer based solely upon the quantity possessed." (Dkt. # 17). The OCCA cited Anderson v. State, 905 P.2d 231 (Okla. Crim App. 1995), and denied relief on this claim, stating that "[t]his argument has previously been addressed and rejected by this Court upon a finding that the plain language of the statute does not create a presumption of an intent to sell drugs but rather reflects a determination by the Legislature that individuals who possess specific quantities of certain drugs deserve harsh punishment."  (Dkt. # 19, Ex. 4 at 12).

On habeas review, this Court is bound by a state court's application or interpretation of state law unless it violates federal law. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Bowser v. Boggs, 20 F.3d 1060, 1065 (10th Cir.1994). The OCCA has considered the argument raised here by Petitioner, and concluded that Okla. Stat. tit. 63, § 2-415 "does not create a presumption a defendant sold the drugs or intended to sell drugs. Rather, the Legislature . . . has defined 'trafficking' as possessing specific amounts of a controlled dangerous substance." Anderson v. State, 905 P.2d 231, 233 (Okla. Crim. App. 1995).  The Court finds no violation of federal law in the state court's interpretation of its state law.

As to Petitioner's challenge to the trafficking statute based on due process and equal protection grounds, the Court finds no basis for habeas corpus relief under § 2254(d). Section 2-415

of Title 63 recognizes the intent of the Oklahoma legislature "that those who possess [a drug in excess of a specified amount] deserve a stiff punishment." Anderson, 950 P.2d at 233 (quotation omitted). Petitioner does not allege that federal law prohibits imposing increasingly severe sentences as the amount of cocaine base involved increases. Therefore, the Court finds that Petitioner has failed to establish that the OCCA's resolution of this claim was contrary to or an unreasonable application of federal law, and he is not entitled to habeas corpus relief. 28 U.S.C. § 2254(d).

### 5. Excessive sentence (ground 9)

As his ninth proposition of error, Petitioner claims that his sentence of life without parole for the Trafficking conviction is excessive in violation of his constitutional rights. See Dkt. # 17. Petitioner raised a claim that his sentence was excessive on direct appeal. The OCCA ruled as follows:

> Appellant alleges in Proposition VI, that the punishment of life without the possibility of parole for drug trafficking violates the prohibition against excessive punishment of both the federal and state constitutions. Appellant acknowledges that this Court has previously rejected this argument in *Dodd v. State*, 1994 OK CR 51, 879 P.2d 822. However he asks that we now reconsider that decision. We note that this Court has adhered to the ruling in *Dodd* in at least two additional published opinions. *See Ott v. State*, 1998 OK CR 51, ¶ 12, 967 P.2d 472, 477; *Dufries v. State*, 2006 OK CR 13, ¶¶ 21-22, 133 P.3d 887, 891. We decline to reconsider our previous rulings on this issue and note, as we did in both *Dodd* and *Ott* that the crime committed by Appellant, Trafficking in drugs after two or more prior drug related felonies is not a minor drug offense but is a major crime. *Dodd*, 1994 OK CR 51 at 17, *Ott*, 1998 OK CR 51 at ¶ 12. Appellant's sentence, while harsh, is neither cruel nor unusual and is not unconstitutional.

(Dkt. # 19, Ex. 4 at 12-13).

This Court affords "wide discretion to the state trial court's sentencing decision, and challenges to the decision are not generally constitutionally cognizable, unless it is shown that the

sentence imposed is outside the statutory limits or unauthorized by law." Dennis v. Poppel, 222 F.3d 1245, 1258 (10th Cir. 2000). Indeed, the Court's review generally ends "once we determine the sentence is within the limitation set by statute." Id. A sentence violates the Eighth Amendment only if it is "grossly disproportionate to the severity of the crime." Ewing v. California, 538 U.S. 11, 21 (2003) (quoting Rummel v. Estelle, 445 U.S. 263, 271 (1980)). But "[t]he gross disproportionality principle reserves a constitutional violation for only the extraordinary case." Lockyer v. Andrade, 538 U.S. 63, 77 (2003).

In this case, Petitioner had two or more prior drug related felonies and, as a result, his sentence of life without the possibility of parole is mandatory under Oklahoma's trafficking statute. See Okla. Stat. tit. 63, § 2-415(D)(3). To the extent Petitioner alleges a violation of the Eighth Amendment's prohibition on cruel and unusual punishment as the basis for his claim, the Court finds Petitioner is not entitled to relief because his sentence is not grossly disproportionate to the crimes he committed, Trafficking in Illegal Drugs. See Hawkins v. Hargett, 200 F.3d 1279, 1282 (10th Cir. 1999); see also Rummel, 445 U.S. 263, 285 (finding that a mandatory life sentence is not disproportionate for a three-time non-violent recidivist). The Court agrees with the OCCA that Petitioner's sentence is harsh. However, his sentence cannot be said to be unreasonable in light of the deferential standard that binds this Court's analysis. See Lockyer, 538 U.S. at 72–73 (observing numerous impediments to challenging the length of a prison sentence under federal habeas review). The OCCA's decision was not an unreasonable application of the gross disproportionality test. Thus, Petitioner is not entitled to habeas corpus relief based on any claim that his sentence is constitutionally excessive.

### 6. No opportunity to present mitigating evidence at sentencing (ground 10)

In ground 10, Petitioner claims that his constitutional rights were violated when the trial court failed to provide him with an opportunity to present mitigating evidence during the sentencing phase of his trial. (Dkt. # 17 at 21). On direct appeal, the OCCA characterized Petitioner's argument as "not well taken," and found that because the crime of Trafficking, after former conviction of two or more crimes which are felonies under the Uniform Controlled Dangerous Substance Act, carries a mandatory sentence of life without the possibility of parole, Petitioner's jury could exercise no discretion in assessing punishment and "it would serve no purpose for Appellant to present evidence in mitigation of punishment." (Dkt. # 19, Ex. 4 at 13-14).

In habeas corpus cases, this Court may only grant relief if a petitioner demonstrates that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Supreme Court has never held that the Eighth Amendment's requirement that the jury be allowed to consider and give effect to all relevant mitigating evidence in capital cases, see, e.g., Boyde v. California, 494 U.S. 370 (1990), applies to noncapital cases. Gilmore v. Taylor, 508 U.S. 333, 349 (1993). In addition, a failure to afford an opportunity for allocution or to consider mitigating factors at sentencing raises no constitutional error cognizable in a non-capital federal habeas case. Scrivner v. Tansy, 68 F.3d 1234, 1240 (10th Cir. 1995). This claim is not cognizable on federal habeas corpus review. For that reason, habeas corpus relief on this ground of error shall be denied.

## 7. Ineffective assistance of appellate counsel (ground 13)

As his thirteenth ground of error, Petitioner alleges that appellate counsel provided ineffective assistance in failing to raise on direct appeal grounds 1, 2, 3, 4, and 12.[3] (Dkt. # 17 at 30). On post-conviction appeal, the OCCA rejected Petitioner's claim of ineffective assistance of appellate counsel, as follows:

> In order to prevail on his claim of ineffective assistance of appellate counsel, Petitioner must establish that counsel made errors so serious the performance was deficient, and that the deficient performance deprived Petitioner of an appeal whose results are reliable and fair. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674, 693 (1984). The fact appellate counsel fails to recognize or raise a claim, regardless of merit, is not and cannot alone be sufficient to establish ineffective assistance, or to preclude enforcement of a procedural default. *Id.* We **FIND** Petitioner has not established appellate counsel's performance was deficient, or that the result of his trial and appeal was not reliable and fair.

(Dkt. # 19, Ex. 7 at 2).

Although the OCCA correctly cited Strickland v. Washington, 466 U.S. 668 (1984), for the standard governing ineffective assistance of counsel claims, the OCCA's statement regarding appellate counsel's failure "to recognize or raise a claim, regardless of merit" deviates from the controlling federal standard. Cargle v. Mullin, 317 F.3d 1196, 1202-05 (10th Cir. 2003) (explaining that (1) the merit of the omitted claim is the focus of the appellate ineffectiveness inquiry, (2) omission of a sufficiently meritorious claim can, in itself, establish ineffective assistance, and, thus, (3) the state court's rejection of an appellate ineffectiveness claim on the basis of the legal premise invoked here is wrong as a matter of federal constitutional law). See also Malicoat v. Mullin, 426 F.3d 1241, 1248 (10th Cir. 2005) (following Cargle). Because the OCCA's analysis of Petitioner's

---

[3]The Court notes that Petitioner also complains that appellate counsel provided ineffective assistance in failing to raise on direct appeal the claim identified in ground 5 of the amended petition. However, appellate counsel did in fact raise ground 5 on direct appeal. Therefore, there is no factual basis for a claim of ineffective assistance of appellate counsel for failing to raise ground 5 and Petitioner is not entitled to habeas corpus relief on that claim.

allegations of ineffective assistance of appellate counsel deviated from the controlling federal standard, it is not entitled to deference on habeas review. Cargle, 317 F.3d at 1205; see also Malicoat, 426 F.3d at 1248. Therefore, the Court will analyze Petitioner's claims of ineffective assistance of appellate counsel *de novo*.

In evaluating a claim of ineffective assistance of appellate counsel, this Court applies the Strickland two-pronged standard used for general claims of ineffective assistance of trial counsel. See United States v. Cook, 45 F.3d 388, 392 (10th Cir. 1995). When a habeas petitioner alleges that his appellate counsel rendered ineffective assistance by failing to raise an issue on direct appeal, the Court first examines the merits of the omitted issue. Hawkins v. Hannigan, 185 F.3d 1146, 1152 (10th Cir. 1999). "If the omitted issue is so plainly meritorious that it would have been unreasonable to winnow it out even from an otherwise strong appeal, its omission may directly establish deficient performance; if the omitted issue has merit but is not so compelling, the case for deficient performance is more complicated, requiring an assessment of the issue relative to the rest of the appeal, and deferential consideration must be given to any professional judgment involved in its omission; of course, if the issue is meritless, its omission will not constitute deficient performance." Cargle, 317 F.3d at 1202 (citation and footnote omitted); see also Parker v. Champion, 148 F.3d 1219, 1221 (10th Cir. 1998) (citing Cook, 45 F.3d at 392-93). For the reasons discussed below, the Court finds Petitioner has failed to demonstrate entitlement to relief on his claims of ineffective assistance of appellate counsel.

### a. Failure to raise claim of actual innocence

First, Petitioner claims that appellate counsel provided ineffective assistance in failing to argue that Petitioner is actually innocent of Trafficking. On post-conviction appeal to the OCCA, Petitioner argued that his conviction was based on uncorroborated testimony that he was in "constructive possession" of the controlled substance. He also alleges that the State "has no further facts or evidence to present to this Court for its alleged factual claim that Mr. Johnson is guilty as charged under the 'Reasonable Doubt Standard.'" <u>See</u> Dkt. # 19, Ex. 6 at 4. Petitioner grossly underestimates the strength of the State's evidence against him. Although he claims to recognize the difference between "legal" and "actual" innocence, he provides nothing to support his claim of actual innocence. Appellate counsel did not perform deficiently in failing to raise a claim of actual innocence on direct appeal.

### b. Failure to allege violation of Confrontation Clause

Next, Petitioner claims that appellate counsel provided ineffective assistance in failing to allege that Petitioner's right to confront a witness against him was violated when his co-defendant, Lillie Price Lagrone, was not called to testify at trial. On post-conviction appeal, Petitioner argued that the State failed to call the only witness to the alleged Drug Trafficking, Lillie Lagrone, and, as a result, he was unable to cross-examine her regarding "incriminating statements" she made about Petitioner to the police officers. <u>See</u> Dkt. # 19, Ex. 6 at 6. However, contrary to Petitioner's argument, no evidence was presented during his trial regarding "incriminating statements" made by Ms. Lagrone. Significantly, Petitioner has failed to demonstrate that the result of his appeal would have been different had appellate counsel alleged that the Confrontation Clause had been violated. Therefore, this claim of ineffective assistance of appellate counsel lacks merit.

### c. Failure to allege defective charging document

Petitioner also claims that appellate counsel provided ineffective assistance in failing to argue that the Information was defective.  On post-conviction appeal, Petitioner argued that, in preparing the Information, the State relied on hearsay statements made by Ms. Lagrone that Petitioner was her boyfriend and that he gave her crack cocaine. See Dkt. # 19, Ex. 6 at 6-7. The Information read to Petitioner's jury, see Dkt. # 21-1, Tr. Trans. at 181-82, stated only that "Darrell Robert Johnson ... did commit the crime of trafficking in illegal drugs ... while acting in concert with another person ...." Nothing in the Information suggested it was based on statements attributable to Ms. Lagrone.  This claim lacks merit. Appellate counsel did not provide constitutionally ineffective assistance.

### d. Failure to raise conflict of interest claim

Petitioner next claims that appellate counsel provided ineffective assistance in failing to argue that Petitioner had a conflict of interest with his trial counsel. Other than stating that the trial court denied his request to allow trial counsel to withdraw, Petitioner fails to identify or explain the basis of his allegation that he had a conflict of interest with his trial counsel. Given the strength of the State's evidence in this case, the Court finds Petitioner cannot satisfy the prejudice prong of the Strickland standard, i.e., he cannot demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.  Appellate counsel did not provide ineffective assistance in failing to raise a claim based on Petitioner's purported conflict of interest with trial counsel.

### e. Failure to allege ineffective assistance of trial counsel

In ground twelve of his amended petition, Petitioner complains that the trial court failed to conduct a hearing on his claims of ineffective assistance of trial counsel and that appellate counsel provided ineffective assistance in failing to request a hearing. In support of this claim, Petitioner cites to grounds one through eleven of the amended petition as support for his claim of ineffective assistance of trial counsel. The Court has determined herein that Petitioner is not entitled to habeas corpus relief on any claim raised in the amended petition. Therefore, the Court finds that Petitioner cannot satisfy the prejudice prong of the <u>Strickland</u> standard, i.e., he cannot demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Strickland</u>, 466 U.S. at 694. Appellate counsel did not provide ineffective assistance in failing to request an evidentiary hearing based on Petitioner's claim of ineffective assistance of trial counsel.

In summary, for the reasons discussed above, the Court finds that Petitioner has failed to satisfy the <u>Strickland</u> standard. He is not entitled to habeas corpus relief on his claim of ineffective assistance of appellate counsel.

## D. Procedural Bar (grounds 1, 2, 3, 4, 12, and 14)

Respondent argues that Petitioner's claims numbered 1, 2, 3, 4, 12, and 14[4] are procedurally barred from this Court's review as a result of Petitioner's failure to raise those claims on direct appeal. <u>See</u> # 19. In affirming the state district court's denial of post-conviction relief, the OCCA found as follows:

---

[4]It does not appear that ground 14 has been presented to the state courts. As a result, it is unexhausted. However, under the facts of this case, the claim is subject to application of an anticipatory procedural bar. <u>Anderson v. Sirmons</u>, 476 F.3d 1131, 1139-40 n.7 (10th Cir. 2007) (finding that an "anticipatory procedural bar" may be applied to deny an unexhausted claim that would be procedurally barred under state law if the petitioner returned to state court to exhaust it).

> [A]ny claim that could have been raised in Petitioner's direct appeal, but was not, is waived, and may not be the basis of a post-conviction application. 22 O.S.2001, § 1086; Rules 2.1(B) & 4.2(A), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch.18, App. (2008). *See also, Berget v. State*, 1995 OK CR 66, 907 P.2d 1078, 1081-85. Further, all legal issues previously raised and ruled upon are res judicata and may not be the basis of a subsequent post-conviction application. *Id.*

(Dkt. # 19, Ex. 7).

The doctrine of procedural default prohibits a federal court from considering a specific habeas claim where the state's highest court declined to reach the merits of that claim on independent and adequate state procedural grounds, unless a petitioner "demonstrate[s] cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate[s] that failure to consider the claim[] will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 724 (1991); see also Maes v. Thomas, 46 F.3d 979, 985 (10th Cir. 1995); Gilbert v. Scott, 941 F.2d 1065, 1067-68 (10th Cir. 1991). "A state court finding of procedural default is independent if it is separate and distinct from federal law." Maes, 46 F.3d at 985. A finding of procedural default is an adequate state ground if it has been applied evenhandedly "'in the vast majority of cases.'" Id. (citation omitted).

Applying the principles of procedural default to these facts, the Court concludes that Petitioner's grounds 1, 2, 3, 4, 12, and 14 are procedurally barred from this Court's review. In general, the OCCA's reliance on Okla. Stat. tit. 22, § 1086, to bar claims that could have been but were not raised on direct appeal is independent and adequate to preclude federal habeas review. See Ellis v. Hargett, 302 F.3d 1182, 1186 (10th Cir. 2002) (holding Okla. Stat. tit. 22, § 1086 "is an independent and adequate state ground for denying habeas relief"). The Court also finds that the bar imposed by the OCCA on Petitioner's claims of ineffective assistance of trial counsel as raised in ground 12 was based on state law grounds adequate to preclude federal review. When the

underlying claim is ineffective assistance of counsel, the Tenth Circuit Court of Appeals has recognized that countervailing concerns justify an exception to the general rule of procedural default. Brecheen v. Reynolds, 41 F.3d 1343, 1363 (10th Cir. 1994) (citing Kimmelman v. Morrison, 477 U.S. 365 (1986)). In English v. Cody, 146 F.3d 1257 (10th Cir. 1998), the Tenth Circuit found that:

> Kimmelman, Osborn, and Brecheen indicate that the Oklahoma bar will apply in those limited cases meeting the following two conditions: trial and appellate counsel differ; and the ineffectiveness claim can be resolved upon the trial record alone. All other ineffectiveness claims are procedurally barred only if Oklahoma's special appellate remand rule for ineffectiveness claims is adequately and evenhandedly applied.

Id. at 1264 (citation omitted).

After reviewing the record in this case in light of the factors identified in English, the Court concludes that Petitioner's claims of ineffective assistance of trial counsel are procedurally barred. At trial, Petitioner was represented by attorney David Phillips. On appeal, Petitioner was represented by attorney Stuart Southerland. For purposes of the first requirement identified in English, the Court finds that Petitioner had the opportunity to confer with separate counsel on appeal.

The second English factor requires that the claim could have been resolved either "upon the trial record alone" or after adequately developing a factual record through some other procedural mechanism. Id. at 1263-64. Even if Petitioner's defaulted claims could not all be resolved on the record alone, he failed to file a reply to Respondent's response and has otherwise failed to allege with specificity how the Oklahoma remand procedure provided by Rule 3.11, Rules of the Oklahoma Court of Criminal Appeals, was inadequate to allow him to supplement the record on his ineffective assistance of counsel claim. See Hooks v. Ward, 184 F.3d 1206, 1217 (10th Cir. 1999) (once the state pleads the affirmative defense of an independent and adequate state procedural bar, the burden

shifts to the petitioner to make specific allegations as to the inadequacy of the state procedure). The Court recognizes that in ground 14 of the amended petition (Dkt. # 17), Petitioner claims that:

> The inconsistent application of the doctrines of waiver and bar raise unconstitutional barriers to the presentation of meritorious claims in both state appellate and post-conviction proceedings. The refusal to permit meaningful evidentiary hearings on the ineffectiveness of trial and appellate counsel underscores the deliberate indifference of the state court system.

(Dkt. # 17 at 35). Those allegations, however, are conclusory and completely lacking in factual specificity. As a result, Petitioner has failed to carry his burden of demonstrating that Oklahoma's procedural bar is inadequate and his claims of ineffective assistance of trial counsel as raised in his post-conviction proceedings are procedurally barred.

Because of the procedural default of the identified claims in state court, this Court may not consider the claims unless Petitioner is able to show cause and prejudice for the default, or demonstrate that a fundamental miscarriage of justice would result if his claims are not considered. See Coleman, 501 U.S. at 750. The cause standard requires a petitioner to "show that some objective factor external to the defense impeded . . . efforts to comply with the state procedural rules." Murray v. Carrier, 477 U.S. 478, 488 (1986). Examples of such external factors include the discovery of new evidence, a change in the law, and interference by state officials. Id. As for prejudice, a petitioner must show "'actual prejudice' resulting from the errors of which he complains." United States v. Frady, 456 U.S. 152, 168 (1982). A "fundamental miscarriage of justice" instead requires a petitioner to demonstrate that he is "actually innocent" of the crime of which he was convicted. McCleskey v. Zant, 499 U.S. 467, 494 (1991).

Petitioner argues ineffective assistance of appellate counsel as "cause" for his failure to raise his defaulted claims on direct appeal. However, the Court has determined above that appellate

counsel was not constitutionally ineffective. As a result, Petitioner's ineffective assistance of appellate counsel claim does not serve as "cause" to overcome the procedural bar.

Petitioner may also overcome the procedural bar applicable to his defaulted claims under the fundamental miscarriage of justice exception. That exception is applicable only when a petitioner asserts a claim of actual innocence. Herrera v. Collins, 506 U.S. 390, 403-04 (1993); Sawyer v. Whitley, 505 U.S. 333, 339-41 (1992); see also Schlup v. Delo, 513 U.S. 298 (1995). To meet this test, a criminal defendant must make a colorable showing of factual innocence. Beavers v. Saffle, 216 F.3d 918, 923 (10th Cir. 2000) (citing Herrera, 506 U.S. at 404). Under Schlup, a showing of innocence sufficient to allow consideration of procedurally barred claims must be "so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error . . . ." Schlup, 513 U.S. at 316. Petitioner has the burden of persuading this Court "that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." Id. at 329. "The exception is intended for those rare situations 'where the State has convicted the wrong person of the crime. . . [or where] it is evident that the law has made a mistake.'" Klein v. Neal, 45 F.3d 1395, 1400 (10th Cir. 1995) (citation omitted). Petitioner does claim that he is actually innocent of the crimes for which he was convicted. However, in this habeas action, he provides no new evidence supporting this claim. Therefore, Petitioner has failed to demonstrate that he falls within the fundamental miscarriage of justice exception to the doctrine of procedural bar.

Accordingly, because Petitioner has not demonstrated "cause and prejudice" or that a "fundamental miscarriage of justice" will result if his claims are not considered, the Court concludes

that it is procedurally barred from considering the merits of Petitioner's defaulted claims. <u>Coleman</u>, 501 U.S. at 724. He is not entitled to habeas corpus relief on those claims.

**E. No habeas relief on conclusory allegations of equal protection violations**

As part of grounds 2-5, and 8-14, Petitioner claims that his right to equal protection of the law was violated. Only Petitioner's <u>Batson</u> claim has been presented to the OCCA. As a result, the remaining equal protection claims appear to be unexhausted. However, Petitioner fails to identify any similarly-situated individual that has been given any different or more beneficial treatment. His bare equal protection claims are simply too conclusory to permit a proper legal analysis. <u>See</u> <u>Brown v. Zavaras</u>, 63 F.3d 967, 971 (10th Cir. 1995) (stating that complaint's allegations were "too conclusory" to allow for complete equal protection analysis). Therefore, the Court finds that Petitioner has failed to raise any plausible equal protection claims. As a result, Petitioner is not entitled to habeas corpus relief on the unexhausted equal protection claims. 28 U.S.C. § 2254(b)(2).

**F. Certificate of appealability**

Rule 11, <u>Rules Governing Section 2254 Cases in the United States District Courts</u>, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. <u>Slack v. McDaniel</u>, 529 U.S. 473, 483-84 (2000) (citing <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 (1983)). In addition, when the Court's ruling is based on procedural grounds, Petitioner must demonstrate

that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484.

After considering the record in this case, the Court concludes that a certificate of appealability should not issue. Nothing suggests that the Tenth Circuit would find that this Court's application of deference to the decision by the OCCA was debatable amongst jurists of reason. See Dockins v. Hines, 374 F.3d 935 (10th Cir. 2004). As to those claims denied on a procedural basis, Petitioner has failed to satisfy the second prong of the required showing, i.e., that the Court's ruling resulting in the denial of the petition on procedural grounds was debatable or incorrect. The record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently. A certificate of appealability shall be denied.

*CONCLUSION*

After carefully reviewing the record in this case, the Court concludes that the Petitioner has not established that he is in custody in violation of the Constitution or laws of the United States.

**ACCORDINGLY, IT IS HEREBY ORDERED that** the amended petition for a writ of habeas corpus (Dkt. #17) is **denied**. The original petition (Dkt. # 1) is **declared moot**. A separate judgment shall be entered in this matter. A certificate of appealability is **denied**.

DATED THIS 25th of April, 2012.

James H. Payne
United States District Judge
Northern District of Oklahoma